HARRY HUGH FRAZIER, ALIAS HARRY H. FRAZIER, v. THE STATE.

No. 17088.   Delivered January 9, 1935.
Rehearing Denied February 6, 1935.

The opinion states the case.

*Bill Auger, Houtchens & Houtchens,* and *J. D. Blackwell,* all of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of an attempt to commit burglary under an indictment in which he is charged as an habitual criminal, and his punishment assessed at confinement in the State penitentiary for life.

The record before us shows that on the night of September 1, 1933, the appellant was discovered by two policemen at the rear of the Standard Printing Company shop between a screen door and a panel door, apparently working. An investigation disclosed that the screen door had been cut from its frame so that a man could insert his hand and unlatch the door. There was also a hole made in the panel door right under the latch about the size of a fifty cent piece. The cuttings from the panel door were on the outside and some on the inside of the building. The printing shop was owned at the time by one E. N. McDonald who had died since the commission of the alleged offense and before the appellant was tried. The State also introduced a judgment of conviction showing that the appellant was tried and convicted in the District Court of the 34th Judicial District of Texas at El Paso, on the 3rd day of November, 1931, of the offense of burglary. The State also introduced a judgment of conviction in the United States District Court for the Western District of Texas at El Paso, which showed that on October 14, 1930, the appellant on his plea of guilty was convicted of the offense of unlawfully, wilfully and knowingly receiving and concealing a motor vehicle moving in interstate commerce, which motor vehicle had been theretofore stolen at the city of Miami, State of Florida, and transported in interstate commerce from said city to and into the State of Texas. The appellant testified in his own behalf that he was in the city of Fort Worth on said night; that he had a flat tire but had no tools with which to put the tire back on the wheel except a couple of screwdrivers; that the garages in the city were closed at that time of night and he went to the rear of said building to a used car lot looking for a spring leaf with which to put the tire to-

gether; that as he went to the used car lot, which was back of the Standard Printing Company shop, he saw a man run from the rear of the building, and when he walked up to the building the officers appeared and arrested him; that he did not cut the screen door nor did he cut the hole in the panel door; that he did not have the consent of E. N. McDonald to break into the building.

The only complaint which the appellant makes is that the testimony is insufficient to sustain his conviction in that the State failed to prove ownership of the property in question. We do not agree with the appellant because the State proved that on September 1, 1933, E. N. McDonald owned and conducted a printing shop in said building; that he died on November 28, 1933, about three months after the alleged offense was committed. The State also proved by one of the officers who arrested appellant that at the time he saw the appellant on the night of September 1, 1933, he was at the back door of the Standard Printing Company shop, owned and operated by E. N. McDonald, now dead; that at the time he saw the appellant he was standing between the screen door and the inside door cutting a hole through the panel in the door. It occurs to us that the testimony adduced by the State was such that the jury were fully justified in finding the appellant guilty of the offense charged.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The house alleged to have been burglarized was a printing shop, occupied and controlled by E. N. McDonald. At the time of the trial herein said McDonald had died. His father was a witness. Officers testified that they caught appellant in the act of cutting a hole in the back door of said print shop at 11:55 P. M., no one being present except appellant. McDonald, Sr., swore,—as did the officer,—that the hole in the back door was freshly cut, and was not there the day before. The evidence was ample to show an attempt to burglariously enter the building.

6

There was no claim on the part of appellant of consent to so enter. Appellant denied any effort to enter the building. We see no error in the failure of the court to submit the issue of consent. Branch's Annotated P. C., sec. 245, citing Moore v. State, 48 Texas Crim. Rep., 400. There was no exception to the court's charge.

The motion for rehearing will be overruled.

*Overruled.*